Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
Robert C. Shenfeld (CA State Bar No. 228181)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Laury Macauley (NV State Bar No. 11413)
Dawn M. Cica (NV State Bar No. 4565)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
lmacauley@lrlaw.com; dcica@lrlaw.com

Reorganization Counsel for
Debtors and Debtors in Possession

Local Reorganization Counsel for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

In re:

☒ Aliante Gaming, LLC
☒ Aliante Holding, LLC
☒ Aliante Station, LLC
☒ Auburn Development, LLC
☒ Boulder Station, Inc.
☒ Centerline Holdings, LLC
☒ Charleston Station, LLC
☒ CV HoldCo, LLC
☒ Durango Station, Inc.
☒ Fiesta Station, Inc.
☒ Fresno Land Acquisitions, LLC
☒ Gold Rush Station, LLC
☒ Green Valley Ranch Gaming, LLC
☒ Green Valley Station, Inc.
☒ GV Ranch Station, Inc.
☒ Inspirada Station, LLC
☒ Lake Mead Station, Inc.
☒ LML Station, LLC
☒ Magic Star Station, LLC
☒ Palace Station Hotel & Casino, Inc.
☒ Past Enterprises, Inc.
☒ Rancho Station, LLC
☒ Santa Fe Station, Inc.
☒ SC Durango Development, LLC
☒ Sonoma Land Holdings, LLC
☒ Station Holdings, Inc.
☒ STN Aviation, Inc.
☒ Sunset Station, Inc.
☒ Texas Station, LLC
☒ Town Center Station, LLC
☒ Tropicana Acquisitions, LLC
☒ Vista Holdings, LLC

Chapter 11

BK-11-_____ through BK-11-____

**DEBTORS' MOTION FOR ORDER
PURSUANT TO 11 U.S.C. §§ 105(a) AND
341(e) AND FED. R. BANKR. P. 1015 AND
LR 1015: (I) DIRECTING JOINT
ADMINISTRATION OF CASES WITH SCI
CASES; (II) APPROVING USE OF
CONSOLIDATED CAPTION;
(III) DIRECTING CLERK OF  COURT TO
MAINTAIN SINGLE DOCKET; (IV) UPON
JOINT ADMINISTRATION, ADOPTING
AND APPLYING CERTAIN PRIOR
ORDERS FROM THE SCI CASES TO
CERTAIN DEBTORS; (V) DIRECTING
THAT THE U.S. TRUSTEE NOT CONVENE
341(a) MEETING**

Hearing Date:      April 14, 2011
Hearing Time:     10:00 a.m.
Place:                  300 Booth Street
                           Reno, NV 89509

#4843-1224-6278

TO THE HONORABLE GREGG W. ZIVE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTEREST:

1.      The Subsidiary Debtors, Aliante Debtors and GVR (collectively, and as defined in footnote 1, the "<u>Debtors</u>"),[1] hereby move the Court for entry of an order pursuant to Sections 105(a) and 341(e) of the Bankruptcy Code, Bankruptcy Rule 1015, and Local Rule 1015:

> (a) directing the joint administration of their respective Chapter 11 Cases for procedural purposes only with each other, and with the pending jointly administered SCI Cases (as defined below),
>
> (b) directing the Clerk of the Court to maintain a single docket for the jointly administered cases with the SCI Cases,
>
> (c) approving the use of a consolidated caption for the jointly administered cases,
>
> (d) upon joint administration, adopting and applying the orders referred to below as (i) the Existing Process and Procedures Orders to the Debtors and their Chapter 11 Cases, and (ii) the Existing Employment Orders and Existing Operational Order to the Subsidiary Debtors only; and
>
> (e) directing that the U.S. Trustee not convene a 341(a) meeting

(collectively, the "<u>Motion</u>").  A proposed order granting the Motion is attached as Exhibit 1.

2.      This Court has jurisdiction to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      In support of the Motion, the Debtors submit (i) the *Declaration of Thomas M. Friel in Support of Subsidiary Debtors' First Day Motions*, (ii) the *Declaration of Thomas M.*

---

[1]  The "Debtors" means, collectively: (a) Auburn Development, LLC; Boulder Station, Inc.; Centerline Holdings, LLC; Charleston Station, LLC; CV HoldCo, LLC; Durango Station, Inc.; Fiesta Station, Inc.; Fresno Land Acquisitions, LLC; Gold Rush Station, LLC; Green Valley Station, Inc.; GV Ranch Station, Inc.; Inspirada Station, LLC; Lake Mead Station, Inc.; LML Station, LLC; Magic Star Station, LLC; Palace Station Hotel & Casino, Inc.; Past Enterprises, Inc.; Rancho Station, LLC; Santa Fe Station, Inc.; SC Durango Development LLC; Sonoma Land Holdings, LLC; Station Holdings, Inc.; STN Aviation, Inc.; Sunset Station, Inc.; Texas Station, LLC; Town Center Station, LLC; Tropicana Acquisitions, LLC; and Vista Holdings, LLC (collectively, the "<u>Subsidiary Debtors</u>"), (ii) Aliante Gaming, LLC, Aliante Holding, LLC, and Aliante Station, LLC (collectively, the "<u>Aliante Debtors</u>"), and (iv) Green Valley Ranch Gaming, LLC ("<u>GVR</u>").

*Friel in Support of GVR's Chapter 11 Petition and First Day Motions*, and (iii) the *Declaration of Thomas M. Friel in Support of the Aliante Debtors' Chapter 11 Petitions and First Day Motions*, each dated April 12, 2011 (the "Friel Declarations").  Additional information regarding the Debtors and the events leading up to the  Chapter 11 Cases can be found in the Friel Declarations.

## I.    BACKGROUND

4.    On April 12, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Subsidiary Debtors and Aliante Station, LLC are wholly owned subsidiaries of Station Casinos, Inc. ("SCI").  Debtors Aliante Holding, LLC, Aliante Gaming, LLC and GVR are 50% owned indirect subsidiaries of SCI.

5.    SCI and 17 affiliates (collectively, the "SCI Debtors") are the subject of jointly administered chapter 11 cases pending before this Court, *In re Station Casinos, Inc.*, Case No. BK 09-52477 (the "SCI Cases").  On August 27, 2010, the Court entered an order in the SCI Cases confirming the plan of reorganization proposed by the SCI Debtors (the "SCI Plan").  One of the fundamental components of the SCI Plan is the sale of substantially all of the operating assets of SCI, including substantially all of the assets of the Subsidiary Debtors (defined as the "New Opco Acquired Assets" in the SCI Plan), to New Opco Purchaser[2] pursuant to an asset purchase agreement previously approved by the Court  (the "New Opco Purchase Agreement").  Substantially all of the Subsidiary Debtors are sellers under the New Opco Purchase Agreement.  The SCI Plan and the New Opco Purchase Agreement contemplated that the Subsidiary Debtors would file these chapter 11 cases to implement the terms of the New Opco Purchase Agreement and the SCI Plan, and to effectuate the transfer of the New Opco Acquired Assets owned by the Subsidiary Debtors to the New Opco Purchaser.

6.    The Subsidiary Debtors, along with the Aliante Debtors and GVR, will file a joint prepackaged chapter 11 plan (the "Joint Plan") contemporaneously with this Motion or soon thereafter.  One of the principal purposes of the Joint Plan will be to effectuate the New Opco

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Joint Plan or the related Disclosure Statement, as applicable.

Purchase Agreement with respect to the Subsidiary Debtors. The Joint Plan also provides for the sale of substantially all of the assets of GVR to Station GVR Acquisition, LLC, which is an affiliate of the New Opco Purchaser. Additionally, pursuant to the Joint Plan, the Aliante Lenders will receive a combination of new equity and new secured debt in Reorganized Aliante Gaming, in full satisfaction of their secured claims.

## II.    THE MOTION

7.    All of the Debtors are direct or indirect wholly-owned or 50%-owned subsidiaries of SCI. Therefore, there are good legal grounds for jointly administering the Debtors' Chapter 11 Cases with the SCI Cases. Moreover, based upon the proposed restructuring transactions that comprise the Joint Plan, the Debtors' Chapter 11 Cases are substantially related to the SCI Cases, and will touch upon many of the same legal and business issues that bear on the SCI Cases. As currently structured, the SCI Plan and Joint Plan, with regard to the Subsidiary Debtors and GVR, are intended to go effective contemporaneously. Therefore, there are good practical reasons as well for the joint administration of the Debtors Cases with the SCI Cases and the related relief sought in the Motion.

### A.    Proposed Single Docket and Revised Caption; Docket Notation; Notice of Joint Administration

8.    In light of the interplay between the Debtors' Chapter 11 Cases and the SCI Cases, the Debtors submit that the joint administration of the bankruptcy cases will help promote efficiency and minimize costs. By maintaining a single docket for all of the cases, the Court will provide parties with a "one-stop shop" not only to file, but also retrieve various pleadings, and will help avoid the cost – for the Debtors, the creditors and the Court – associated with monitoring multiple dockets.

9.    To help avoid any confusion among parties in interest, the Debtors request that a notation be entered on the docket of each of the Debtors' cases to reflect the joint administration as follows:

An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 1015 directing the procedural consolidation and joint administration of this chapter 11 case. All

#4843-1224-6278

-4-

further pleadings and other papers with respect to this chapter 11 case shall be filed in, and all further docket entries shall be made in  In re Station Casinos, Inc., et al., Case No. BK-09-52477 (Jointly Administered).

10.    The Debtors further propose that, because of the large number of entities that are now debtors, the caption for the jointly administered SCI Cases and the Chapter 11 Cases refer to "*In re Station Casinos, Inc., et al.*," and that the identity of each of the SCI Debtors and each of the Debtors be listed in a footnote to the caption.  The revised caption also will include a second footnote identifying the specific Debtor or Debtors seeking the relief requested in the applicable pleading.  The proposed caption is attached as Exhibit A to the proposed order (Exhibit 1 hereto).

11.    If the order is granted, the Debtors propose to file in each of the Chapter 11 Cases and in the SCI Cases a notice of joint administration and serve such notice in compliance with the requirements of the Bankruptcy Rules, Local Rules and the Existing Process and Procedures Orders.  A copy of the proposed notice is attached as Exhibit B to the proposed order.

**B.    Application of Existing Orders**

**(i)    The Existing Process and Procedures Orders**

12.    In the SCI Cases, the Court entered certain orders governing process and procedures for administration of the SCI Cases, which have streamlined the administration of the SCI Cases and saved considerable time and expense (the "Existing Process and Procedures Orders"), and by this Motion the Debtors seek application of those Existing Process and Procedures Orders in the Debtors' Chapter 11 Cases as well.  The Existing Process and Procedures Orders are as follows:[3]

(a)    Notice Procedures:  Final Order Pursuant to 11 U.S.C. §105(A), Fed. R. Bankr. P. 2002 and 9007 and Local Rule 2002 Establishing Notice Procedures  [Docket No. 48];

---

[3]  The Debtors reserve the right to, at a later date, request that the Court apply additional orders from the SCI Cases to the Chapter 11 Cases.

(b)     Ordinary Course Professionals:  Order Pursuant to §§105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business  [Docket No. 355];[4]

(c)     Notice, Claims and Solicitation Agent:  Order, Pursuant to 28 U.S.C. §156(c) and 11 U.S.C. §§ 105(a) & 363, Fed. R. Bankr. P. 2002, Authorizing Employment and Retention of Kurtzman Carson Consultants LLC As Notice, Claims and Solicitation Agent For the Debtors  [Docket No. 35]; and

(d)     Interim Compensation:  Final Order Pursuant to 11 U.S.C. §§105(a) and 331, Fed. R. Bankr. P. 2016 Authorizing and Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Professionals  [Docket No. 60].

**(ii)     Existing Employment Orders for Subsidiary Debtors**

13.     In the SCI Cases, the Court entered certain orders approving the SCI Debtors' retention of certain professionals (the "Existing Employment Orders"), and by this Motion the Subsidiary Debtors seek application of those Existing Employment Orders in the Subsidiary Debtors' Chapter 11 Cases.  The Existing Employment Orders are as follows:

(a)     Order Pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a), 2016(b) and 5002, and Local Rule 2014 Authorizing Employment and Retention of Milbank, Tweed, Hadley & McCloy LLP as Counsel for the Debtors [Docket No. 329];

(b)     Order Pursuant to 11 U.S.C. Section 327(a), Fed. R. Bankr. P. 2014(a), 2016(b) and 5002, and Local Rule 2014, Authorizing Employment and Retention of Lewis and Roca LLP As Co-Counsel for the Debtors Nunc Pro Tunc [Docket No. 937];

(c)     Order Authorizing Retention of FTI Consulting, Inc. as Financial Advisors for the Debtors and Debtors in Possession [Docket No. 330];

(d)     Order Authorizing the Employment and Retention of Ernst & Young LLP as Independent Auditor and Tax Advisor for the Debtors [Docket No. 495]; and

---

[4]  The Debtors intend to file an updated list of ordinary course professionals in due course.

1

2

3

(e)    Order, Pursuant To 11 U.S.C. 327(a) and 328(a), and Fed.R.Bankr.P.2014,

Authorizing Employment and Retention of Lazard Freres & Co. LLC as Financial

Advisor and Investment Banker For The Debtors [Docket No. 326].

4

5

6

7

8

9

10

11

12

14.    In the SCI Cases, the Court entered its *Final Order Pursuant to U.S.C. §§105(a)*
*and 363(b) and Fed. R. Bankr. P. 6004(a) (i) Authorizing Payment of All Prepetition Obligations*
*Related to Workers' Compensation, Liability, Property and Other Insurance Programs in the*
*Ordinary Course, and (ii) Instructing Banks to Honor, Process and Pay Any Payment Requests*
*Related to the Foregoing* (the "Existing Operational Order") [Docket No. 58], which helped
ensure that the SCI Debtors could smoothly transition into their chapter 11 cases without
interruption of their essential business operations.  By this Motion, the Subsidiary Debtors seek
application of the Existing Operational Order in the Subsidiary Debtors' Chapter 11 Cases as
well.

13

**III.    ARGUMENT**

14

**A.    The Court Should Order the Joint Administration**

15

16

17

18

19

20

21

22

15.    Bankruptcy Rule 1015(b) provides that the bankruptcy court may order the joint
administration of a debtor and its affiliates.  *See* Fed. R. Bankr. P. 1015(b).[5]   An "affiliate"
means a "corporation 20 percent or more of whose outstanding voting securities are directly or
indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that
directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the
outstanding voting securities of the debtor…." 11 U.S.C. § 101(2)(B).  Here, joint administration
is proper because all of the Debtors are "affiliates" of SCI in that each Debtor is either a wholly-
owned or 50%-owned, direct or indirect subsidiary of SCI.

23

24

16.    The rights of the Debtors' respective creditors will not be adversely affected by
joint administration of the Chapter 11 Cases or by joint administration of the Chapter 11 Cases

25

26

27

28

[5]   *See also In re Rivieria Holdings Corp.*, Case No. 10-22910 (LBR) (Bankr. D. Nev. July 15, 2010)
[Docket No. 50] (ordering joint administration of three affiliated gaming company debtors); *In re Zante,*
*Inc.*, Case No. 09-50746 (GWZ) (Bankr. D. Nev. March 23, 2009) [Docket No. 34] (ordering joint
administration of 18 debtors where debtors' principal business was gaming); *In re Lake at Las Vegas*
*Joint Venture, LLC*, Case No. 08-17814 (LBR) (Bankr D. Nev. July 28, 2008) [Docket No. 121] (ordering
joint administration of 15 debtors constituting land development enterprise).

with the SCI Cases.  The granting of the Motion will not effectuate the substantive consolidation of the Debtors or the substantive consolidation of any Debtor with any SCI Debtor.  The granting of the Motion also will not result in consolidation for the purpose of filing proofs of claims, and each Debtor will file (or has already filed) its own Schedules of Assets and Liabilities and Statement of Financial Affairs.  Thus, while the rights of all creditors of the Debtors will be enhanced by the reduction in administrative cost resulting from joint administration, there is no adverse impact on creditors.  Accordingly, joint administration of the Debtors' Chapter 11 Cases with the SCI Cases satisfies the requirements of Bankruptcy Rule 1015(b).  *See* Fed. R. Bankr. P. 1015(b) ("the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.").

**B.     The Court Should Apply the Existing Process and Procedures Orders, the Existing Employment Orders, and the Existing Operational Order**

17.     The reasons that support the joint administration of the bankruptcy cases also support the adoption and application of the Existing Process and Procedures Orders to the Debtors and their Chapter 11 Cases.  The granting of such relief will alleviate the need for the Debtors to file new motions that would seek relief identical to the relief the Court has already ordered in the related SCI Cases.  Similarly, there is ample justification to adopt and apply the Existing Operational Order to the Subsidiary Debtors.  As discussed, above, the Subsidiary Debtors are all wholly-owned, direct or indirect subsidiaries of SCI, which operates the Station Group as a unified enterprise.  Therefore, applying the Existing Operational Order to the Subsidiary Debtors means that there will be no break in the continued operation of those critical operations and programs, and no ambiguity that might be created by separate orders with respect thereto applicable to the SCI Debtors and Subsidiary Debtors.

18.     Adopting and applying the Exiting Employment Orders to the Subsidiary Debtors also is appropriate under the circumstances.  In light of the unified structure of the Station Group businesses and SCI's ultimate 100% ownership of the Subsidiary Debtors, SCI determined that it would be in the best interests of the bankruptcy estates of both the SCI Debtors and the Subsidiary Debtors to retain Milbank, Tweed, Hadley & McCloy LLP ("Milbank") and Lewis

and Roca LLP ("L&R") as reorganization counsel, Lazard Freres & Co., LLC ("Lazard") as financial advisor and investment banker, Ernst & Young LLP ("E&Y") as independent auditor and tax advisor, and FTI Consulting, Inc. ("FTI") as financial advisor (collectively, the "SCI Professionals"), for the Subsidiary Debtors. Those professionals are familiar with the Subsidiary Debtors' businesses and financial condition by virtue of their past and present representation of the SCI Debtors in the SCI Cases. Thus, utilizing the considerable institutional knowledge of the SCI Professionals will help ensure that the Subsidiary Debtors are represented in the most efficient and economical manner. If the Motion is granted, the SCI Professionals will submit updated affidavits of disinterestedness and disclosures of their connections with the Subsidiary Debtors and the principal parties in interest in their respective Debtors' Chapter 11 Cases.

19.    The Court has previously granted similar relief with respect to existing-debtor GV Ranch Station, Inc. pursuant to its *Order: (1) Further Directing Joint Administration of Chapter 11 Cases; and (2) Applying Certain Prior Orders Entered in this Jointly Administered Case to the Bankruptcy Case of GV Ranch Station, Inc. See In re GV Ranch Station, Inc.*, Case No. 10-50381 (GWZ) [Docket no. 133]. GV Ranch Station, Inc. is a Subsidiary Debtor and one of the proponents of the Joint Plan.

## C.    The Court Should Waive the 341(a) Meeting

20.    Bankruptcy Code Section 341(e) provides that on the request of a party in interest, and after notice and a hearing, the bankruptcy court for cause may order that the U.S. Trustee not convene a meeting of creditors or equity security holders "if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case." *See* 11 U.S.C. § 341(e). Section 341(e) is intended to expedite prepackaged bankruptcy cases where sufficient votes exist to confirm a chapter 11 plan. *See Collier on Bankruptcy* (15th ed. Rev., 2009) Volume 3, ¶ 341.05A. Here, cause exists for the Court to order that the U.S. Trustee not convene a meeting of creditors or equity holders because the Debtors have obtained all the necessary acceptances of the Joint Plan before the Petition Date. Furthermore, the relief is appropriate because, consistent with the purpose of Section 341(e), waiver of the 341(a) meeting will

1    promote the expeditious pace of these Chapter 11 Cases and minimize costs and disruption to the

2    Debtors' businesses.

3    ///

4    ///

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IV.    **CONCLUSION**

The Debtors respectfully request entry of the attached proposed order, granting the relief requested in this Motion and such other and further relief as the Court deems just and proper.

Dated:  April 12, 2011                                Respectfully submitted,


By: _____*/s/ Thomas R. Kreller*_____
Paul S. Aronzon (CA SBN 88781)                    Laury M. Macauley (NV SBN 11413)
Thomas R. Kreller (CA SBN 161922)                Dawn M. Cica (NV SBN 004565)
Robert C. Shenfeld (CA SBN 228181)                LEWIS AND ROCA LLP
MILBANK, TWEED, HADLEY & McCLOY LLP 50 West Liberty Street, Suite 410
601 South Figueroa Street, 30th Floor            Reno, Nevada 89501
Los Angeles, California 90017                    Telephone:  (775) 823-2900
Telephone:  (213) 892-4000                        Facsimile:  (775) 823-2929
Facsimile:  (213) 629-5063                        lmacauley@lrlaw.com
paronzon@milbank.com                              dcica@lrlaw.com
tkreller@milbank.com

                                                  Local Reorganization Counsel for the
Reorganization Counsel for the Subsidiary Debtors Subsidiary Debtors



By: ____*/s/ David A. Agay*_____
James H.M. Sprayregen, P.C. (IL SBN 6190206)      Candace Carlyon (NV SBN 002666)
David R. Seligman, P.C. (IL SBN 6238064)          James Patrick Shea (NV SBN 000405)
David A. Agay (IL No. 6244314)                    SHEA & CARLYON, LTD.
Sarah H. Seewer (IL No. 6301437)                  701 Bridger Avenue, Suite 850
KIRKLAND & ELLIS LLP                              Las Vegas, Nevada  89101
300 North LaSalle St.                             Telephone:    (702) 471-7432
Chicago, Illinois  60654                          Facsimile:    (702) 471-7435
Telephone:    (312) 862-2000                      ccarlyon@sheacarlyon.com
Facsimile:    (312) 862-2200                      jshea@sheacarlyon.com
james.sprayregen@kirkland.com
david.seligman@kirkland.com                       Local Reorganization Counsel for the
david.agay@kirkland.com                           Aliante Debtors and Green Valley Ranch
sarah.seewer@kirkland.com                         Gaming LLC

Reorganization Counsel for the
Aliante Debtors and Green Valley Ranch Gaming
LLC

# EXHIBIT 1

[Proposed Order]

# EXHIBIT 1

#4843-1224-6278

1

2

3

4

5

6   Paul S. Aronzon (CA State Bar No. 88781)          Laury Macauley (NV State Bar No. 11413)
    Thomas R. Kreller (CA State Bar No. 161922)       Dawn M. Cica (NV State Bar No. 4565)
7   Robert C. Shenfeld (CA State Bar No. 228181)      LEWIS AND ROCA LLP
    MILBANK, TWEED, HADLEY & McCLOY LLP               50 West Liberty Street, Suite 410
8   601 South Figueroa Street, 30th Floor             Reno, Nevada 89501
    Los Angeles, California 90017                     Telephone:    (775) 823-2900
9   Telephone:    (213) 892-4000                      Facsimile:    (775) 823-2929
    Facsimile:    (213) 629-5063                       lmacauley@lrlaw.com; dcica@lrlaw.com
10
    Reorganization Counsel for                        Local Reorganization Counsel for
11  Debtors and Debtors in Possession                 Debtors and Debtors in Possession

12
                    **UNITED STATES BANKRUPTCY COURT**
13                              **DISTRICT OF NEVADA**

14  In re:                                  Chapter 11

15  STATION CASINOS, INC., *et al.*,        Case No. BK-09-52477
                                            Jointly Administered BK-09-52470 through BK-
16       Debtors and Debtors in Possession.[1]  09-52487, BK-10-50381 and BK-11-_____
                                                 _____ through BK-11-_____
17
    ☒ Affects all debtors listed in footnote 2[2]  **ORDER: (I) DIRECTING JOINT**
18                                              **ADMINISTRATION OF CASES WITH SCI**
                                                **CASES; (II) APPROVING USE OF**
19                                              **CONSOLIDATED CAPTION;**
                                                **(III) DIRECTING CLERK OF  COURT TO**
20                                              **MAINTAIN SINGLE DOCKET; (IV)**
                                                **ADOPTING AND APPLYING CERTAIN**
21                                              **PRIOR ORDERS FROM THE SCI CASES**
                                                **TO CERTAIN DEBTORS; AND (V)**
22                                              **DIRECTING U.S. TRUSTEE TO NOT**
                                                **CONVENE 341(a) MEETING**
23
                                                Hearing Date:     April 14, 2011
24

25  _____

    [1]   The debtors in these jointly administered chapter 11 cases are:  (i) Station Casinos, Inc.; Northern NV Acquisitions, LLC;
26  Reno Land Holdings, LLC; River Central, LLC; Tropicana Station, LLC; FCP Holding, Inc.; FCP Voteco, LLC; Fertitta Partners
    LLC; FCP MezzCo Parent, LLC; FCP MezzCo Parent Sub, LLC; FCP MezzCo Borrower VII, LLC; FCP MezzCo Borrower VI,
27  LLC; FCP MezzCo Borrower V, LLC; FCP MezzCo Borrower IV, LLC; FCP MezzCo Borrower III, LLC; FCP MezzCo
    Borrower II, LLC; FCP MezzCo Borrower I, LLC; FCP PropCo, LLC; and GV Ranch Station, Inc. (collectively, the "**SCI**
    **Debtors**"), (ii) Auburn Development, LLC; Boulder Station, Inc.; Centerline Holdings, LLC; Charleston Station, LLC; CV
28  HoldCo, LLC; Durango Station, Inc.; Fiesta Station, Inc.; Fresno Land Acquisitions, LLC; Gold Rush Station, LLC; Green
    Valley Station, Inc.; GV Ranch Station, Inc.; Inspirada Station, LLC; Lake Mead Station, Inc.; LML Station, LLC; Magic Star
    Station, LLC; Palace Station Hotel & Casino, Inc.; Past Enterprises, Inc.; Rancho Station, LLC; Santa Fe Station, Inc.; SC

1         Upon the motion (the "<u>Motion</u>") of the Subsidiary Debtors,[3] Aliante Debtors and GVR

2 (collectively, the "<u>Debtors</u>")  for an order (i) directing the joint administration of their respective

3 Chapter 11 Cases for procedural purposes only with each other and with the pending jointly

4 administered SCI Cases; (ii) directing the Clerk of the Court to maintain a single docket for the

5 jointly administered cases with the SCI Cases; (iii) approving the use of a consolidated caption

6 for these jointly administered cases; (iv) upon joint administration, adopting and applying the

7 Existing Process and Procedures Orders, Existing Operational Order and Existing Employment

8 Orders to the extent specified in the Motion; and (v) directing that the U.S. Trustee not convene a

9 341(a) meeting; and the Court having reviewed the Motion; and all objections to the Motion, if

10 any, having been resolved, withdrawn or overruled; and the Court having determined that the

11 legal and factual bases set forth in the Motion and the Friel Declarations establish just cause for

12 the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

13 THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:

14         A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334,

15 and over the persons and property affected thereby.  Consideration of the Motion constitutes a

16 core proceeding under 28 U.S.C. § 157(b)(2).

17         B.     Under the circumstances, the Court concludes that the notice of the

18 Motion given by the Debtors constitutes due, sufficient and appropriate notice (i) of the Motion

19 and (ii) opportunity for a hearing on the Motion, and the notice requirements of Bankruptcy Rule

20 2002 are deemed satisfied.

21

22

23

---

24 Durango Development LLC; Sonoma Land Holdings, LLC; Station Holdings, Inc.; STN Aviation, Inc.; Sunset Station, Inc.; Texas Station, LLC; Town Center Station, LLC; Tropicana Acquisitions, LLC; and Vista Holdings, LLC (collectively, the "**Subsidiary Debtors**"), (iii) Aliante Gaming, LLC, Aliante

25 Holding, LLC, and Aliante Station, LLC (collectively, the "**Aliante Debtors**"), and (iv) Green Valley Ranch Gaming, LLC ("**GVR**").

26 [2]  This Order affects:  the **Subsidiary Debtors**, the **Aliante Debtors** and **GVR** (collectively, the

27 "**Debtors**").

28 [3]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

C.    The Debtors have demonstrated sufficient cause to grant the relief requested in the Motion and set forth in this order under Bankruptcy Code Sections 105(a) and 341(e), Bankruptcy Rule 1015 and Local Rule 1015.

D.    Based on the foregoing and upon the record made before this Court at the hearing on the Motion, and good and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

1.    The Motion is granted in its entirety.

2.    The Chapter 11 Cases of the Debtors shall be and hereby are consolidated with each other and with the SCI Cases for procedural purposes only, and shall be jointly administered by the Court under *In re Station Casinos, Inc.*, *et al*, U.S.B.C., D. Nevada Case No. BK-09-52477 (Jointly Administered) BK-09-52470 through BK-09-52487, BK-10-50381 and BK-11-____ through BK-11-_____.

3.    Nothing contained in this order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any Debtors' estates with each other or with any of the SCI Debtor's estates or otherwise affecting the substantive rights of any creditor of or equity interest holder in any Debtor or any SCI Debtor under the Bankruptcy Code or otherwise.

4.    The joint administration of the Chapter 11 Cases shall not apply to proofs of claim, and creditors of each Debtor shall file a proof of claim in the bankruptcy case of the applicable  Debtor; and such proof of claim shall identify which  Debtor against whom the claim is asserted.

5.    A docket entry shall be made in the Chapter 11 Case of each of the Debtors as follows:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 1015 directing the procedural consolidation and joint administration of this chapter 11 case.  All further pleadings and other papers with respect to this chapter 11 case shall be filed in, and all further docket entries shall be made in, <u>In re Station Casinos, Inc.</u>, <u>et</u> <u>al.</u>, Case No. BK-09-52477 (Jointly Administered).

6.      The caption of the Chapter 11 Cases and the caption of the SCI Cases shall be modified as set forth in Exhibit A attached hereto.

7.      The Notice of Joint Administration attached hereto as Exhibit B is hereby approved.  The Debtors shall file the Notice of Joint Administration in each of their respective Chapter 11 Cases and serve the same on parties in interest according to the Bankruptcy Rules, Local Rules and the Existing Process and Procedures Orders.

8.      All Existing Process and Procedures Orders entered in the SCI Cases shall apply with full force and effect to the Debtors as if the same were entered in the Chapter 11 Cases.  In addition, counsel for the Aliante Debtors and GVR, counsel for the agents for the Aliante Debtors' and GVR's respective senior secured lenders, the top 40 unsecured creditors of the Debtors, and any official committee of unsecured creditors appointed in any of the Chapter 11 Cases shall be added to the Master Service List in the SCI Cases.

9.      The Existing Operational Order entered in the SCI Cases and specifically referred to in the Motion shall apply with full force and effect to the Subsidiary Debtors as if the same were entered in their respective Chapter 11 Cases.

10.     The Existing Employment Orders entered in the SCI Cases and specifically referred to in the Motion shall apply with full force and effect to the Subsidiary Debtors as if the same were entered in their respective Chapter 11 Cases.

11.     The U.S. Trustee shall not convene a meeting of creditors or equity security holders in the Chapter 11 Cases.

12.     Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing contained herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim on equity interest held by, any person.

13.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

#4843-1224-6278                                    -4-

SUBMITTED BY:

Paul S. Aronzon (CA SBN 88781)
Thomas R. Kreller (CA SBN 161922)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:  (213) 892-4000
Facsimile:  (213) 629-5063
paronzon@milbank.com
tkreller@milbank.com

Laury M. Macauley (NV SBN 11413)
Dawn M. Cica (NV SBN 004565)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:  (775) 823-2900
Facsimile:  (775) 823-2929
lmacauley@lrlaw.com
dcica@lrlaw.com

Reorganization Counsel for the Subsidiary
Debtors

Local Reorganization Counsel for the
Subsidiary Debtors

James H.M. Sprayregen, P.C. (IL SBN 6190206)
David R. Seligman, P.C. (IL SBN 6238064)
David A. Agay (IL No. 6244314)
Sarah H. Seewer (IL No. 6301437)
KIRKLAND & ELLIS LLP
300 North LaSalle St.
Chicago, Illinois  60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
james.sprayregen@kirkland.com
david.seligman@kirkland.com
david.agay@kirkland.com
sarah.seewer@kirkland.com

Candace Carlyon (NV SBN 002666)
James Patrick Shea (NV SBN 000405)
SHEA & CARLYON, LTD.
701 Bridger Avenue, Suite 850
Las Vegas, Nevada  89101
Telephone:     (702) 471-7432
Facsimile:     (702) 471-7435
ccarlyon@sheacarlyon.com
jshea@sheacarlyon.com

Reorganization Counsel for the
Aliante Debtors and Green Valley Ranch Gaming
LLC

Local Reorganization Counsel for the
Aliante Debtors and Green Valley Ranch
Gaming LLC

# # #

# EXHIBIT A

# EXHIBIT A

#4843-1224-6278

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

STATION CASINOS, INC., *et al.,*

    Debtors and Debtors in Possession.[1]

☒  Affects all debtors listed in footnote 2[2]

| | |
|---|---|
| Chapter 11 | |

Case No. BK-09-52477

Jointly Administered Cases BK-09-52470 through BK-09-52487, BK-10-50381 and BK-11-_____ through BK-11-_____

**[TITLE OF PLEADING]**

Hearing Date:
Hearing Time:
Place:         300 Booth Street
                 Reno, NV 89509

---

[1] The debtors in these jointly administered chapter 11 cases are: (i) Station Casinos, Inc.; Northern NV Acquisitions, LLC; Reno Land Holdings, LLC; River Central, LLC; Tropicana Station, LLC; FCP Holding, Inc.; FCP Voteco, LLC; Fertitta Partners LLC; FCP MezzCo Parent, LLC; FCP MezzCo Parent Sub, LLC; FCP MezzCo Borrower VII, LLC; FCP MezzCo Borrower VI, LLC; FCP MezzCo Borrower V, LLC; FCP MezzCo Borrower IV, LLC; FCP MezzCo Borrower III, LLC; FCP MezzCo Borrower II, LLC; FCP MezzCo Borrower I, LLC; FCP PropCo, LLC; and GV Ranch Station, Inc. (collectively, the "**SCI Debtors**"), (ii) Auburn Development, LLC; Boulder Station, Inc.; Centerline Holdings, LLC; Charleston Station, LLC; CV HoldCo, LLC; Durango Station, Inc.; Fiesta Station, Inc.; Fresno Land Acquisitions, LLC; Gold Rush Station, LLC; Green Valley Station, Inc.; GV Ranch Station, Inc.; Inspirada Station, LLC; Lake Mead Station, Inc.; LML Station, LLC; Magic Star Station, LLC; Palace Station Hotel & Casino, Inc.; Past Enterprises, Inc.; Rancho Station, LLC; Santa Fe Station, Inc.; SC Durango Development LLC; Sonoma Land Holdings, LLC; Station Holdings, Inc.; STN Aviation, Inc.; Sunset Station, Inc.; Texas Station, LLC; Town Center Station, LLC; Tropicana Acquisitions, LLC; and Vista Holdings, LLC (collectively, the "**Subsidiary Debtors**"), (iii) Aliante Gaming, LLC, Aliante Holding, LLC, and Aliante Station, LLC (collectively, the "**Aliante Debtors**"), and (iv) Green Valley Ranch Gaming, LLC ("**GVR**").

[2] This Motion affects: [_____].

# **EXHIBIT B**

# **EXHIBIT B**

<table>
<tr>
<td>1</td>
<td>Paul S. Aronzon (CA State Bar No. 88781)<br>Thomas R. Kreller (CA State Bar No. 161922)</td>
<td>Laury Macauley (NV State Bar No. 11413)<br>Dawn M. Cica (NV State Bar No. 4565)</td>
</tr>
</table>

Paul S. Aronzon (CA State Bar No. 88781)
Thomas R. Kreller (CA State Bar No. 161922)
Robert C. Shenfeld (CA State Bar No. 228181)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Laury Macauley (NV State Bar No. 11413)
Dawn M. Cica (NV State Bar No. 4565)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone:    (775) 823-2900
Facsimile:    (775) 823-2929
lmacauley@lrlaw.com; dcica@lrlaw.com

Reorganization Counsel for
Debtors and Debtors in Possession

Local Reorganization Counsel for
Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

|  |  |
|---|---|
| In re:<br><br>STATION CASINOS, INC., *et al.*,<br><br>    Debtors and Debtors in Possession.[1]<br><br>☒ Affects all debtors listed in footnote 2[2] | Chapter 11<br><br>Case No. BK-09-52477<br><br>Jointly Administered Cases BK-09-52470 through BK-09-52487, BK-10-50381 and BK-11-_____ through BK-11-_____<br><br>**NOTICE OF JOINT ADMINISTRATION OF BANKRUPTCY CASES AND RELATED RELIEF** |

---

[1]  The debtors in these jointly administered chapter 11 cases are:  (i) Station Casinos, Inc.; Northern NV Acquisitions, LLC; Reno Land Holdings, LLC; River Central, LLC; Tropicana Station, LLC; FCP Holding, Inc.; FCP Voteco, LLC; Fertitta Partners LLC; FCP MezzCo Parent, LLC; FCP MezzCo Parent Sub, LLC; FCP MezzCo Borrower VII, LLC; FCP MezzCo Borrower VI, LLC; FCP MezzCo Borrower V, LLC; FCP MezzCo Borrower IV, LLC; FCP MezzCo Borrower III, LLC; FCP MezzCo Borrower II, LLC; FCP MezzCo Borrower I, LLC; FCP PropCo, LLC; and GV Ranch Station, Inc. (collectively, the "**SCI Debtors**"), (ii) Auburn Development, LLC; Boulder Station, Inc.; Centerline Holdings, LLC; Charleston Station, LLC; CV HoldCo, LLC; Durango Station, Inc.; Fiesta Station, Inc.; Fresno Land Acquisitions, LLC; Gold Rush Station, LLC; Green Valley Station, Inc.; GV Ranch Station, Inc.; Inspirada Station, LLC; Lake Mead Station, Inc.; LML Station, LLC; Magic Star Station, LLC; Palace Station Hotel & Casino, Inc.; Past Enterprises, Inc.; Rancho Station, LLC; Santa Fe Station, Inc.; SC Durango Development LLC; Sonoma Land Holdings, LLC; Station Holdings, Inc.; STN Aviation, Inc.; Sunset Station, Inc.; Texas Station, LLC; Town Center Station, LLC; Tropicana Acquisitions, LLC; and Vista Holdings, LLC (collectively, the "**Subsidiary Debtors**"), (iii) Aliante Gaming, LLC, Aliante Holding, LLC, and Aliante Station, LLC (collectively, the "**Aliante Debtors**"), and (iv) Green Valley Ranch Gaming, LLC ("**GVR**").

[2]  This Notice affects: the **SCI Debtors**, the **Subsidiary Debtors**, the **Aliante Debtors** and **GVR**.

#4843-1224-6278

**TO ALL CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST**:

PLEASE TAKE NOTICE that by Order of the Bankruptcy Court [Docket No. _____] (the "Order"), the Chapter 11 Cases (the "Chapter 11 Cases") of the above-captioned debtors (the "Debtors") shall be jointly administered as follows:

1.      Joint Administration with the SCI Cases.  The Chapter 11 Cases shall be jointly administered for procedural purposes only with each other and with the existing Station Casinos, Inc. chapter 11 cases.

2.      Pleadings and Other Papers Filed with the Court.  *Except for proofs of claim*, the Clerk of the Court will maintain the same docket for all pleadings and other papers filed in the Chapter 11 Cases.  The docket will be maintained under the *Station Casinos, Inc.* caption and Case No. BK 09-52477 (Jointly Administered), BK 09-52470 through BK 09-52487, BK 10-50381 and BK-11 _____ through BK-11 _____.  Parties in interest filing pleadings are directed to use the consolidated caption in the form attached as Exhibit A hereto.  Each pleading or paper filed, however, should indicate on the caption page, in footnote 2, which of the Debtors or which SCI Debtor is affected by the subject filing.

3.      Proofs of Claim.  The consolidated caption should not be used for proofs of claim. Each proof of claim should be filed in the Chapter 11 Case of the applicable Debtor and have the caption of the case in which it is filed or otherwise comply with a form approved by this Court by separate order.

4.      Application of Existing Process and Procedures Orders.  Certain orders of the Bankruptcy Court entered in the Station Casinos, Inc. bankruptcy cases will apply to certain of the Debtors as set forth in the Order.

5.      Schedules and Statements.  Each of the Debtors will file its own Schedule of Assets and Liabilities and Statement of Financial Affairs.

Dated: April 12, 2011                                        Respectfully submitted,

By:  _____ /s/ Thomas R. Kreller _____
Paul S. Aronzon (CA SBN 88781)                    Laury M. Macauley (NV SBN 11413)
Thomas R. Kreller (CA SBN 161922)                Dawn M. Cica (NV SBN 004565)
MILBANK, TWEED, HADLEY & McCLOY LLP   LEWIS AND ROCA LLP
601 South Figueroa Street, 30th Floor             50 West Liberty Street, Suite 410
Los Angeles, California 90017                          Reno, Nevada 89501
Telephone:  (213) 892-4000                             Telephone:  (775) 823-2900
Facsimile:  (213) 629-5063                              Facsimile:  (775) 823-2929
paronzon@milbank.com                                  lmacauley@lrlaw.com
tkreller@milbank.com                                     dcica@lrlaw.com

Reorganization Counsel for the Subsidiary        Local Reorganization Counsel for the
Debtors                                                          Subsidiary Debtors


By:  ____ /s/ David A. Agay _____
James H.M. Sprayregen, P.C. (IL SBN 6190206)   Candace Carlyon (NV SBN 002666)
David R. Seligman, P.C. (IL SBN 6238064)          James Patrick Shea (NV SBN 000405)
David A. Agay (IL No. 6244314)                          SHEA & CARLYON, LTD.
Sarah H. Seewer (IL No. 6301437)                       701 Bridger Avenue, Suite 850
KIRKLAND & ELLIS LLP                                    Las Vegas, Nevada  89101
300 North LaSalle St.                                         Telephone:     (702) 471-7432
Chicago, Illinois  60654                                     Facsimile:      (702) 471-7435
Telephone:     (312) 862-2000                           ccarlyon@sheacarlyon.com
Facsimile:      (312) 862-2200                           jshea@sheacarlyon.com
james.sprayregen@kirkland.com
david.seligman@kirkland.com
david.agay@kirkland.com
sarah.seewer@kirkland.com

Reorganization Counsel for the                         Local Reorganization Counsel for the
Aliante Debtors and Green Valley Ranch Gaming   Aliante Debtors and Green Valley Ranch
LLC                                                                  Gaming LLC

#4843-1224-6278

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

In re:

STATION CASINOS, INC., *et al.,*

   Debtors and Debtors in Possession.[1]

☒ Affects all debtors listed in footnote 2[2]

Chapter 11

Case No. BK-09-52477

Jointly Administered Cases BK-09-52470 through BK-09-52487, BK-10-50381 and BK-11-_____ through BK-11-_____

**[TITLE OF PLEADING]**

Hearing Date:
Hearing Time:
Place:    300 Booth Street
          Reno, NV 89509

---

[1]  The debtors in these jointly administered chapter 11 cases are:  (i) Station Casinos, Inc.; Northern NV Acquisitions, LLC; Reno Land Holdings, LLC; River Central, LLC; Tropicana Station, LLC; FCP Holding, Inc.; FCP Voteco, LLC; Fertitta Partners LLC; FCP MezzCo Parent, LLC; FCP MezzCo Parent Sub, LLC; FCP MezzCo Borrower VII, LLC; FCP MezzCo Borrower VI, LLC; FCP MezzCo Borrower V, LLC; FCP MezzCo Borrower IV, LLC; FCP MezzCo Borrower III, LLC; FCP MezzCo Borrower II, LLC; FCP MezzCo Borrower I, LLC; FCP PropCo, LLC; and GV Ranch Station, Inc. (collectively, the "**SCI Debtors**"), (ii) Auburn Development, LLC; Boulder Station, Inc.; Centerline Holdings, LLC; Charleston Station, LLC; CV HoldCo, LLC; Durango Station, Inc.; Fiesta Station, Inc.; Fresno Land Acquisitions, LLC; Gold Rush Station, LLC; Green Valley Station, Inc.; GV Ranch Station, Inc.; Inspirada Station, LLC; Lake Mead Station, Inc.; LML Station, LLC; Magic Star Station, LLC; Palace Station Hotel & Casino, Inc.; Past Enterprises, Inc.; Rancho Station, LLC; Santa Fe Station, Inc.; SC Durango Development LLC; Sonoma Land Holdings, LLC; Station Holdings, Inc.; STN Aviation, Inc.; Sunset Station, Inc.; Texas Station, LLC; Town Center Station, LLC; Tropicana Acquisitions, LLC; and Vista Holdings, LLC (collectively, the "**Subsidiary Debtors**"), (iii) Aliante Gaming, LLC, Aliante Holding, LLC, and Aliante Station, LLC (collectively, the "**Aliante Debtors**"), and (iv) Green Valley Ranch Gaming, LLC ("**GVR**").

[2]  This Motion affects:  [_____].